JH

FILED NF

NOV 29 2012
Nov. 29, 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PORTFOLIO MANAGEMENT PARTNERS, LLC, DENNIS A. BREBNER, CONOR LONG, AND DENNIS A. BREBNER & ASSOCIATES<br>Defendant / Counter Plaintiff<br><br>v.<br><br>KEVIN KURKJIAN<br>Plaintiff / Counter Defendant<br>and<br>MARIO KRIS KASALO<br>Defendant. | Case No.: 1:12-CV-03407<br><br>Judge: Joan Humphrey Lefkow |

## COUNTERCLAIM

NOW COMES the Defendants / Counter Plaintiff for its Counterclaim and Complaint against Plaintiff / Counter Defendant, Kevin Kurkjian, and Complaint against Mario Kris Kasalo states as follows:

## BACKGROUND

1. Defendant / Counter Plaintiff Portfolio Management Partners, LLC (hereinafter "PMP") is a validly licensed Sales Finance Agency and Collection Agency in the State of Illinois. It is authorized and does give loans and obtain loan portfolios including delinquent loans and defaulted loans.
2. PMP was assigned a debt portfolio from CDB Acquisitions and was contracted to recover the assigned debt which included defaulted credit cards.
3. On February 1, 2012, the account for Kevin Kurkjain, Plaintiff / Counter Defendant, was assigned to PMP for collection purposes.

4. Plaintiff / Counter Defendant defaulted on credit card debt to Chase Bank USA in the amount of $34,499.97. Documentation supporting that was provided to PMP and is attached hereto as Exhibit A.

5. PMP sent out a letter to individuals identified as borrowers on the credit card stating as follows:

> Please be advised that the loan with the original creditor and account number listed above has been assigned to Portfolio Management Partners, LLC (PMP, LLC), an Illinois Licensed Sales Finance Agency and Collection Agency.
>
> The balance on the account is past due and we are requesting that the amount be paid or that you contract us to establish repayment on the outstanding balance.
>
> Unless you dispute the validity of this debt, or any portion thereof within 30 days of the receipt of this letter, we will assume the debt to be valid. If you notify us in writing within the 30-day period that you dispute the debt, we will obtain verification of the debt and mail you a copy. Upon your written request within 30-day period we will provide you the name and address of the original creditor if different from the current creditor.
>
> This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
>
> To discuss this account, contact Randy Johnson at (855) 244-4116 Ext. 8559 Monday through Thursday 8:00 am to 8:00 pm and Friday 8:00 am to 5:00 pm (CT).
>
> PMP, LLC
>
> We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

6. Defendant / Counter Plaintiff, Conor Long, was assigned to contact Plaintiff / Counter Defendant regarding the outstanding balance due to Chase Bank USA and directed to contact the Plaintiff / Counter Defendant through a series of letters and a phone call.

7. On March 21, 2012, Plaintiff / Counter Defendant contacted Defendant / Counter Plaintiff regarding the debt. Plaintiff / Counter Defendant was given a statement of his rights and was advised this was a call from a debt collector. Plaintiff / Counter Defendant advised Defendant / Counter Plaintiff that he wanted a letter regarding the debt sent to his new address. A copy of the letter is attached as Exhibit A.

8. On March 28, 2012, Plaintiff / Counter Defendant contacted Defendant / Counter Plaintiff and asked that the letter that was mailed to him on March 21, 2012 faxed to his girlfriend's fax number of 312-236-5913 and that he will be standing by the fax machine to accept the letter. Conor Long advised he did not believe that this was a good idea, but the Plaintiff / Counter Defendant insisted.

9. On April 6, 2012, at approximately 10:08 a.m. Plaintiff / Counter Defendant sent a fax to Defendant / Counter Plaintiff asking for more information regarding the debt. Defendant / Counter Plaintiff contacted Plaintiff / Counter Defendant regarding his request for additional verification of the debt and Plaintiff / Counter Defendant advised Defendant / Counter Plaintiff to mail verification to his home. Defendant / Counter Plaintiff mailed all verification of the debt to Plaintiff / Counter Defendant as requested by Plaintiff / Counter Defendant.

10. On April 6, 2012, at approximately 1:04 p.m., Defendant / Counter Plaintiff received a fax from Plaintiff / Counter Defendant requesting no more contact to be made except for proof of debt. All activity was suspended on the account.

11. On April 16, 2012 Defendant received a call from Cross Defendant, Attorney Mario Kasalo. Attorney Kasalo, among other questions, stated that the debt was owned by Federal Pacific and requested proof that PMP has been assigned the debt.

12. Defendant / Counter Plaintiff Long referred the matter to Defendant / Counter Plaintiff, Dennis Brebner, for review and additional follow up with Attorney Kasalo.

13. Defendant / Counter Plaintiff Dennis Brebner contacted Federal Pacific who advised Brebner that the account has been closed back to Chase several months prior and Federal Pacific no longer had any interest in the debt. Defendant / Counter Plaintiff Brebner advised Attorney Kasalo of the information he received.

14. The account was subsequently closed at the request of original creditor.

15. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692 by falsely representing the legal status of the alleged debt. Correspondence from PMP clearly states that the debt is assigned to Defendants / Counter Plaintiffs for payment purposes.

16. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692(c) by contacting the consumer without the consumer's prior consent.

17. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692(e) by falsely representing that a lawsuit could be filed against the Plaintiff / Counter Defendant to collect the alleged debt.

18. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692e(2) by falsely representing the legal status of the alleged debt, the debt was assigned to Defendants / Counter Plaintiffs.

19. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692e(5) by creating false threats in its letters that it may report information to credit bureaus.

20. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692e(5) by falsely threatening it could file suit against Plaintiff / Counter Defendant on the alleged debt.

21. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in a voice mail for Plaintiff / Counter Defendant that the communication was from a debt collector.

22. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect a debt from Plaintiff / Counter Defendant that was not permitted by law.

23. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692f(8) by allowing language and symbols to show on its envelopes that PMP is in the debt collection business. The email address that Plaintiff / Counter Defendant's counsel is referring to does not allude to collection activity.

24. At no time did Defendants / Counter Plaintiffs violate FDCPA, 15 U.S.C. § 1692g attempt to collect the alleged debt after having received a timely written request for verification from Plaintiff / Counter Defendant. Plaintiff / Counter Defendant made requests through verbal and written communication that the verification of the debt and copies of letters previously sent to an address he provided be sent to him.

25. Attorney Mario Kris Kasalo is a licensed attorney in the State of Illinois.

26. Attorney Mario Kris Kasalo is a frequent filer of FDCPA complaints. *See Tommy Kasalo v. NCSPLUS Incorporated and Gary C. Cooke 10 C 1643.* Attorney Kasalo has filed 115 FDCPA cases since 2009 alleging various violations of the Fair Debt Collection Practices Act and related lawsuits.

27. Attorney Mario Kris Kasalo obtains cases through direct solicitation of prospective clients on electronic websites. Attached to this Counter Claim / Cross Complaint and made a part of this is as Exhibit B are copies of several pages from a website called www.whocallsme.com. This site has been set up on information and belief by consumer attorneys or others acting on their behalf to obtain clients to potentially sue companies and law firms for alleged FDCPA violations.

28. The exhibit attached shows a chain of posts by individuals in debt trying to determine what collection agency or law firm is calling them. The exhibit shows a series of posts concerning a company called MiraMed Revenue Group. The name of the first person posting was identified as calling about MiraMed Revenue Group subsequently other callers also calling about the same number and MiraMed Revenue Group were grouped together in the same posting chain. These callers posting about the number were also told

these calls were from MiraMed and its associated law firm Pellettieri & Associates.

29. After several of those posts identifying consumers with calls from MiraMed Group, Mario Kasalo posted a response to the web site chain that states in its entirety:

**Mario Kasalo, Esq.**

15 Oct 2009

We sue debt collectors......

Anyone getting calls or collection letters from MiraMed call me at 773 847 2600 for a free legal review of your case. Fax letters to 773 847 0330.

30. There are several more posts after Kasalo's post also in reference to MiraMed. After the posts there is a post by Rob Harrer that states:

**Rob Harrer** replies to Chris

7 Apr 2012

Call Mario Kasalo at 773 573 9199 he has sued MIRAMED repeatedly for FDCPA violations. He is located in the Chicago Loop---he has represented me repeatedly with great results.

Attorney Kasalo continues to use www.whocallsme.com and solicits his services from prospective clients under another agency's phone number, see Exhibit C attached hereto and made a part hereof:

- **Mario Kasalo, Esq.**

24 Mar 2010

We sue debt collectors.....we are looking for aggrieved individuals who are being harassed by this company..........773-847-2600. Free case review.

31. Attorney Mario Kris Kasalo also solicited prospective clients on other electronic websites similar to www.whocallsme.com. Attached to this Motion and made a part of is as Exhibit D are copies of several pages from a website

called www.complaintsboard.com. The complaint board shows posts regarding an agency called Apex Financial Management with a caption that states "Apex Financial Management Complaints & Reviews – Debt collection sucks!". The following posts attached are from consumers regarding complaints against Apex Financial Management. In the posts is the following post from Attorney Kasalo directly responding to consumers and potential clients:

13th of July, 2009 by Mario K

Fedup: call me at 773 847 2600 to discuss filing a complaint in Fed court vs. Apex…Mario Kasalo, Esq.

32. Attorney Mario Kris Kasalo directly solicited from another similar website in addition to www.whocallsme.com and www.complaintboard.com for prospective clients. Attached to this Motion and made a part of this as Exhibit E are copies of several pages from a website called www.callerreview.com which again posts comments from consumers with complaints about collection agencies and collection law firms. Attorney Mario Kris Kasalo posts the following:

| | | | |
|---|---|---|---|
| 571-431-1840 | Mario Kasalo, Esq | Mar 24 2010 | Call for free case evaluation for your collector harassment problem.<br>773-847-2600.<br>No fee unless you win! |

33. Illinois Supreme Court Rules of Professional Conduct under Rule 7.3 states that:

(a) A lawyer shall not by in-person, live telephone or real time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain;

The rules further requires:

(c) Every written, recorded or electronic communication from a lawyer soliciting professional employment from a prospective client known to be in

need of legal services in a particular matter shall include the words "Advertising Material" at the beginning and ending of any recorded or electronic communication". No such language was contained in the electronic postings of Mario Kris Kasalo, Esq.

35. The Federal Rules of Professional Conduct are substantially the same as the Illinois rules cited above.

36. Marion Kris Kasalo's trolling of web sites for prospective clients violates the Rules of Professional Conduct for both Illinois and the United States District Court. All of the posts to the participants on web sites dedicated to complaints by debtors on Collection Agencies and Collection Law Firms are communications to prospective clients. Kasalo's postings will be seen by everyone else accessing the site also looking for information and possible legal services. The number of prospective clients could number in the hundreds or thousands who access the site looking for assistance with their consumer debts.

37. The postings from Rob Harrer is an indication that Kasalo has also obtained the cooperation of someone who is claiming to have had great results. This is similar to the ambulance chasing lawyer who also sends out agents to solicit and sign up prospective clients with the promises of financial gain.

38. The professional misconduct of Kasalo and the combination with his "client" Harrer involves more than just ambulance chasing solicitation. Based on Defendant / Counter Plaintiff's own experience alleges on information and belief that Kasalo conspires with his so called "clients" not only to proceed against debt collectors for violations of the FDCPA that have occurred but to also work with, construct and create violations for purpose of obtaining settlement money out of Debt Collectors and Collection law firms.

39. Defendants / Counter Plaintiffs on the basis of information and belief, Kasalo created the letters sent by Plaintiff / Counter Defendant to Defendants / Counter Plaintiffs, scripted and coached his client on telephone calls to Defendants / Counter Plaintiffs, coached his client to direct or to illicit information that could be used to allege violations of the FDCPA. The calls

and letters directed to Defendants / Counter Plaintiffs were not those from an unsophisticated consumer but from Kasalo a lawyer with a professional focus on FDCPA cases.

40. The Illinois Rules of Professional Conduct and the Federal Rules of Professional Conduct both specifically prohibits the conduct of a lawyer who engages in the manufacture of alleged legal violations to file litigation to obtain settlement or judgments from Defendants / Counter Plaintiffs.

41. Illinois Rules of Professional Conduct under Rule 8.4 Misconduct states in pertinent part:

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

42. The United States District Court Rules of Professional Conduct under LR83.58.4 Misconduct provides as follows:

(a) A lawyer shall not :

(4) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

43. Kasalo has shown a pattern of unprofessional conduct in violations of the Rules of Professional Conduct including the improper solicitation of perspective clients both personally and by having former clients post on web sites to solicit for his services. Once he obtains a "client" Kasalo then works with the client to set a trap to manufacture alleged violations of the FDCPA. He files a case looking for a quick settlement from Defendants aware that any attempt to defend the case no matter how frivolously or minor the alleged violation will involve high defense costs and statutory damages for even the smallest technical violation of the Act.

44. Cross Defendant Kasalo and Counter Defendant Kurkjian have actively participated in manufacturing of this case against Defendants / Counter Plaintiffs. Kasalo in addition to coaching his client had also draw up or assisting in drawing up correspondence, Kasalo has personally contacted the

Defendants / Counter Plaintiffs including, Conor Long and Dennis Brebner. The results are that Kasalo is likely to be a necessary witness in this case.

45. Both the Illinois and Federal Rules of Professional Conduct prohibit a lawyer to act as both an advocate in a trial or evidencently proceeding if the lawyer knows or reasonably should know he likely to be called as a necessary witness. See Illinois Rules of Professional Conduct Rule 3.7 and Federal Rules of Professional Conduct LR 83.53.7.

46. Defendants / Counter Plaintiffs suffered emotional, distress, and confusion from Plaintiff / Counter Defendant's actions.

47. Defendants / Counter Plaintiffs professional and business reputation has been damaged by the actions brought forth by Plaintiff / Counter Defendants.

48. Defendants / Counter Plaintiffs have incurred cost and expenses in defending these false allegations.

WHEREFORE, Defendants / Counter Plaintiffs respectfully request that judgment be entered against Plaintiff / Counter Defendants and Cross Defendants for the following:

a) Actual damages suffered by the Defendant / Counter Plaintiff's

b) Defendant / Counter Plaintiff's Attorney fees and costs; and

c) Any other relief deemed appropriate by this Court.

Respectfully submitted,

Dennis A. Brebner

Dennis A. Brebner
860 S. Northpoint Boulevard
Waukegan, IL 60085
(847) 887-8502