**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN KURKJIAN,<br><br>PLAINTIFF,<br><br>v.<br><br>PORTFOLIO MANAGEMENT PARTNERS, L.L.C., DENNIS A. BREBNER, AND CONOR LONG,<br><br>DEFENDANTS. | ) | Civil Action No. 1:12-cv-03407<br><br>Honorable Sidney I. Schenkier |

**PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANTS' DEPOSITIONS, RESPONSES TO DISCOVERY REQUESTS, AND FOR SANCTIONS**

Plaintiff, Kevin Kurkjian, by and through his attorneys, The Law Office of M. Kris Kasalo, Ltd., respectfully moves this Court to enter an order compelling Defendants to respond to Plaintiff's Requests to Produce and Interrogatories, to compel the Defendants to sit for depositions, and for sanctions. In support of this Motion, Plaintiff states:

1. On June 4, 2013, Plaintiff served his first set of discovery requests on Defendant Portfolio Management Partners L.L.C., which included Interrogatories and Requests to Produce. (Exhibit A, Discovery served upon Defendant).

2. On June 5, 2013, Plaintiff served notices of deposition on Defendants, setting Conor Long's and Defendants' FRCP 30b(6) depositions to proceed on July 5, 2013. (Exhibit B, Notices of Deposition).

3. On June 5, 2013, Plaintiff served his first set of discovery requests on Defendant Conor Long, which included Interrogatories and Request to Produce. (Exhibit C, Discovery served upon Defendant).

4. Defendants did not timely respond to any discovery requests served by Plaintiff.

5. On July 2, 2013, Defendants' counsel informed Plaintiff that Defendants' witnesses "are unavailable" to be deposed on July 5, 2013. (Exhibit D, Email to Plaintiff's counsel).

6. On July 2, 2013, Plaintiff's counsel emailed Defendants' counsel requesting responses to discovery requests, and requesting new dates upon which Defendants' witnesses can be deposed. (Exhibit E, Email to Defendant's counsel).

7. Due to Defendants' failure to present for depositions and timely respond to discovery propounded by Plaintiff, Plaintiff filed a motion to extend discovery, which was granted on July 10, 2013. (Exhibit F, Dkt. #77). Notably, Defendant's counsel did not attend the July 10, 2013 hearing, nor did he inform either opposing counsel or the Court that he would be absent.

8. On July 8, 2013, Plaintiff's counsel again emailed Defendants' counsel requesting responses to discovery requests. (Exhibit G, Email to Defendants' counsel).

9. On July 10, 2013, Plaintiff's counsel emailed Defendants' counsel a letter pursuant to FRCP 408, requesting responses to discovery requests and dates upon which its witnesses can be deposed. (Exhibit H, Email to Defendants' counsel).

10. On July 11, 2013, Plaintiff's counsel again emailed Defendants' counsel, requesting responses to discovery requests and dates upon which its witnesses can be deposed, and informed counsel that he would be filing a motion to compel if said responses were not provided. (Exhibit I, Email to Defendants' counsel).

11. On August 21, 2013, Defendants' counsel did not appear for the status hearing held in this case.

12. On August 21, 2013, Plaintiff's counsel placed a telephone call to Defendant's counsel Dennis Brebner, and left a voice mail inquiring as to the reason he was not in Court, and asking him to call back to discuss discovery issues outlined in the Motion to Compel filed by Plaintiff on August 20, 2013. (Dkt.#78).

13. To date, Defendant's counsel did not respond to Plaintiff's telephone message.

14. To date, Defendants and their counsel have refused to respond to any of Plaintiff's communications, and have not provided any responses to the discovery requests served on June 4 and June 5, 2013—responses that are now 7 weeks overdue.

15. Defendants' refusal to: i) respond to discovery served over 2 ½ months ago, ii) provide deposition dates after cancelling depositions days before they were set to proceed, and iii) communicate with Plaintiff's counsel regarding the above has again forced Plaintiff to seek court action and file the instant motion to compel, despite this counsel's repeated good-faith efforts to resolve issues with defense counsel pursuant to the requirement of FRCP 37.

16. Plaintiff, in order to avoid having to again seek extension of the discovery deadline set in this case, requests that the court enter an order compelling Defendants Portfolio and Long to each respond to Interrogatories and Requests to Produce served on June 4, 2013 and June 5, 2013, respectively, within 7 days.

17. Plaintiff further asks the Court to compel Defendants to provide dates upon which they agree to have their witnesses deposed, within 7 days.

18. FRCP 37 provides in part as follows:

**5) *Payment of Expenses; Protective Orders.***

**(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…**

19. “Where, as here, a lawyer causes an opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 should not receive a grudging application, and sanctions should be awarded. “The great operative principle of Rule 37(a)(4) is that the loser pays.” “Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970)”; *Sheehan v. City of Markham*, 2012 U.S. Dist. LEXIS 19860 at *6 (N.D. Ill. Feb. 17, 2012). Based on the foregoing, and due to the fact that Defendant’s counsel did not attempt to contact Plaintiff’s counsel at any time <u>even after</u> the first Motion to Compel was filed on August 20, 2013, Plaintiff also seeks an award of their fees and costs expended in filing this Motion.

20. Defendant’s counsel’s repeated absences from Court, and complete failure to respond to any of Plaintiff’s counsel’s attempts to resolve discovery differences, is inexcusable in light of the fact that he has other attorneys in his employ, that presumably could have communicated with Plaintiff and attended the multiple hearings in this case that counsel has decided to disregard.

21. At the status hearing held in this case on August 21, 2013, the Court advised counsel that it was striking Plaintiff’s motion to compel for the reason, as counsel understood, that the discovery requests (now attached) were not attached to the Motion.

22. The Court also expressed its concerns, at the hearing held on August 21, 2013, with Plaintiff’s request for discovery of financial information relating to Mr. Brebner without a punitive count being plead. However, Plaintiff has plead “Alter Ego” as a cause of action under Count III of the Amended Complaint, which requires that Plaintiff be able to evaluate financial factors, which include: inadequate capitalization, failure to observe corporate formalities, failure to issue stock or pay dividends, missing corporate records, commingling

funds, diverting assets to an owner to creditor detriment, and whether the corporation is a mere facade for a dominant owner. *Vdf Futureceuticals v. Lewis*, 2013 U.S. Dist. LEXIS 119966 (N.D. Ill. Aug. 22, 2013). Plaintiff respectfully submits that the requested discovery is thus proper, as it treats these subjects.

23. Finally, Plaintiff's counsel has taken note of the Court's oral admonition, on August 21, 2013, that 1) the subjects listed on Plaintiff's Notice of Deposition of Defendant's Corporate Representative apply only to the sole corporate Defendant, Portfolio Management Partners, LLC, and 2) that the subjects may be redundant and potentially overbroad. Counsel will thus serve an amended notice of deposition to depose Defendant Portfolio's representative upon the Court's ruling on this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order providing that: i) within 7 days of the Order being entered, Defendants Portfolio and Long to each respond to Interrogatories and Requests to Produce served on June 4, 2013 and June 5, 2013, respectively, ii) within 7 days of the Order being entered, Defendants provide dates upon which they agree to have their witnesses deposed, and iii) Defendants be ordered to pay Plaintiff's reasonable expenses incurred in making this Motion, including attorney's fees, pursuant to Rule 37.

Respectfully submitted,

Kevin Kurkjian

By: s/ Mario Kris Kasalo
Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, certify that I shall cause to be served a copy of **PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANTS' DEPOSITIONS, RESPONSES TO DISCOVERY REQUESTS, AND FOR SANCTIONS** in this case that will be served via the method stated below, upon the following, on August 26, 2013:

| | |
|---|---|
| __X_ CM/ECF<br>____ Facsimile<br>____ Federal Express<br>____ UPS<br>____ Mail<br>____ Messenger<br>____ Email<br>____ USPS Mail | *Attorney(s) for Defendant(s):*<br><br>Dennis Brebner via<br>Dbrebner@brebnerlawfirm.com |