**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN KURKJIAN, PLAINTIFF, | ) | Civil Action No. 1:12-cv-03407 |
| v. | ) | |
| PORTFOLIO MANAGEMENT PARTNERS, L.L.C., DENNIS A. BREBNER, CONOR LONG, and DENNIS A. BREBNER & ASSOCIATES, DEFENDANTS. | ) | Judge Joan H. Lefkow<br>Honorable Magistrate Judge Sidney I. Schenkier |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ATTORNEY FEES**

Now comes the Plaintiff, Kevin Kurkjian, by his attorney, The Law Office of M. Kris Kasalo, Ltd., and makes this *Motion to Enforce Settlement Agreement and for Attorney Fees*, stating as follows:

1. On January 29, 2014, a settlement of this case was achieved during a lengthy settlement conference attended by counsel for all parties.

2. The terms of the settlement ("Agreement") were as follows:

   a. Defendants will pay a lump-sum payment of $30,000 to settle all claims;

   b. Defendants will provide a Release to Plaintiff's counsel within 7 days which reflects the terms agreed-upon;

   c. Defendants will pay Plaintiff the settlement amount within 14 days of receipt of an executed Release from Plaintiff;

d. Plaintiff will dismiss the lawsuit with prejudice after receipt of payment.

3. Instead of forwarding a Release to Plaintiff by February 5, 2014 as agreed, Defendants did not forward a Release until February 18, 2014. (Exhibit A, Email and Draft Release).

4. The Release forwarded by Defendants did not reflect the terms of the Agreement, as Defendants suddenly called for a 3-payment installment plan, as well as a confidentiality clause—terms that were not even discussed, much less agreed to, by Plaintiff.

5. In fact, the Agreement called for a lump-sum one-time payment of $30,000 in exchange for a dismissal with prejudice of the law suit.

6. In fact, a confidentiality provision was never even mentioned by Defendants at any time during negotiations.

7. **Moreover, to avoid the very issues that Plaintiff is now forced to address, Plaintiff's counsel Mario Kasalo asked Defendant's counsel, at the close of the settlement conference in the presence of Judge Schenkier, to reiterate the terms which Defendants considered material to settlement. In response, Defendants' counsel John Hynes responded only that Plaintiff would dismiss the case with prejudice in exchange for payment of $30,000 by Defendants.**

8. An agreement is binding if the parties agree on all material terms. *Abbott Laboratories v. Alpha Therapeutic Corp.,* 164 F.3d 385, 387 (7th Cir. 1999); *Midland Hotel Corp. v. Reuben H. Donnelley Corp.,* 118 Ill. 2d 306, 313-314, 515 N.E.2d 61, 113 Ill. Dec. 252 (1987).

9. On January 29, 2014, the parties had agreed on all material terms.

10. On February 19, 2014, Plaintiff's counsel responded to Defendants' counsel's email and Draft Release dated February 18, 2014, informing him that Plaintiff would not now agree to modify the Agreement to add a confidentiality provision and installment payment plan terms. (Exhibit B, Email to Defendants' counsel).

11. Defendant's counsel did not respond to Plaintiffs' email.

12. On February 20, 2014, Plaintiff's counsel again emailed Defendants' counsel requesting to be provided a Release reflecting the terms agreed-upon. (Exhibit C, Email to Defendants' counsel ).

13. Defendant's counsel did not respond to Plaintiffs' email.

14. On February 26, 2014, Plaintiff's counsel again emailed Defendants' counsel, this time providing counsel a copy of the Release with correct, agreed-upon terms so that the a written agreement could be executed by Defendants. The email further informed counsel that Plaintiff would be filing a motion to enforce if Defendants continued to refuse to honor the Agreement. (Exhibit D, Email and Draft Release to Defendants' counsel).

15. To date, Defendants have not executed the written agreement or paid the settlement amount of $30,000 to Plaintiff , and Defendants' counsel John Hynes informed Plaintiff's counsel on February 27, 2014 that Defendants now insist on a confidentiality provision—even though the Agreement did not include this term. Plaintiff will not now agree to confidentiality.

16. Defendants have violated the Agreement, and their continued insistence on injecting new terms into the Agreement, **a month after** settlement terms had been agreed to, has wasted both the Court's time as well as that of Plaintiff and Plaintiff's counsel.

17. Plaintiffs who prevail under the Fair Debt Collection Practices Act ("FDCPA") are entitled to an award of costs and reasonable attorney's fees incurred for enforcing liability under the FDCPA. *15 U.S.C. § 1692k(a)(3)*; *Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995)*.

18. Defendants have forced Plaintiff to continue incurring fees in this case, which is a matter that had been resolved on January 29, 2014. Defendants' conduct is inexcusable, and the FDCPA makes payment of such reasonable attorney fees, as incurred by Plaintiff here, mandatory. *Id*.

19. Plaintiff thus requests that judgment be entered on the settlement agreement, in the amount of $30,000 against all Defendants, jointly and severally, and that Defendants also pay reasonable attorney fees incurred in enforcing the Agreement, including those fees incurred in bringing this Motion. Plaintiff will file a separate motion and memorandum in support of his request for attorney fees and costs upon resolution of this Motion.

WHEREFORE, Plaintiff thus requests the following relief:

a. Judgment be entered for $30,000 against Defendants, jointly and severally;
b. Defendants pay reasonable attorney fees incurred in enforcing the Agreement, including those fees incurred in bringing this Motion, pursuant to *15 U.S.C. § 1692k(a)(3)*;

Respectfully Submitted,

By: /s/ M. Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com